UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DALE RICKY HERMAN #749529,

        Plaintiff,

v.

MICHIGAN STATE POLICE, et al.,

        Defendants.

_____/

Case No.   2:25-cv-124

Hon.  Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R. & R.) addresses Defendants' motions to dismiss Plaintiff's amended complaints.   ECF Nos. 28, 31.

On June 2, 2025, Plaintiff Dale Rickey Herman filed a civil complaint under 42 U.S.C. § 1983 alleging that the Michigan State Police ("MSP"), State Trooper Meyering, and Child Protective Services ("CPS") employee Joy Swanson violated his Fourth Amendment rights when they entered his home on September 11, 2021.   ECF No. 1.   Plaintiff filed an amended complaint on October 14, 2025, alleging the same. ECF No. 27.

Defendants argue that Plaintiff's amended complaint should be dismissed for a number of reasons, including: (1) Plaintiff's claims are time barred; (2) Plaintiff fails to state an actionable Fourth Amendment claim; (3) Plaintiff fails to state a claim

1

against Swanson, and (4) the Eleventh Amendment bars Plaintiff's claims against MSP and Swanson.   Plaintiff has not filed a response to Defendants' motions.

In the opinion of the undersigned, Plaintiff's § 1983 claim is barred by the three-year statute of limitations.   Thus, the undersigned does not engage in analysis of Defendants' other arguments below.   The undersigned respectfully recommends that the Court **grant** Defendants' motions to dismiss.

## II.   Factual Allegations

In his amended complaint, Herman asserts that CPS worker Swanson, Trooper Meyering, and non-defendant Trooper Kiscaiden responded to his home in Palmer, MI, on September 11, 2021.   ECF No. 27, PageID.120.   Herman claims Defendants responded to a complaint about Herman's employee, Ben Wolfe.   *Id.*   Herman alleges that he met Defendants outside of the home and told them that he would go inside to get Wolfe.   *Id.*   Herman asserts that Defendants followed him into the home without a warrant or consent, and searched the home for "Mr. Wolfe, drugs, money or guns."   *Id.*   Next, Herman says that Defendants found Mr. Wolfe in the basement and removed "evidence" of suspected meth.   *Id.*   Herman asserts that Trooper Kiscaiden did not enter the home and can be heard on video stating "we got a problem…P.C. (probable cause), should have got a search warrant."   *Id.*

## III.   Motion to Dismiss Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted

as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

"[D]ismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 364–65 (6th Cir. 2024), *cert. denied sub nom. Wershe v. City*

*of Detroit*, 145 S. Ct. 1128, 220 L. Ed. 2d 422 (2025) (quoting *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 86 F.4th 1168, 1178 (6th Cir. 2023).

Plaintiff is proceeding *pro se*.  As such, his pleadings are subject to less stringent standards than those prepared by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).

## IV.  Analysis

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 268 69 (1985).  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Accrual of the claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action.  *Collyer*, 98 F.3d at 220.

Here, Herman asserts that Defendants violated his Fourth Amendment rights by improperly searching his home on September 11, 2021.  ECF No. 27, PageID.120. Herman knew of the alleged harms at the time they occurred.  *Id*. (alleging that Plaintiff heard another Trooper saying that there was an issue with probable cause

4

to search).    However, he did not file this action until June 2, 2025 – over three years and eight months later.    Thus, Plaintiff's § 1983 claim is on its face untimely.

A statute of limitations may, of course, be tolled by certain events.    "[T]he doctrine of equitable tolling permits a court to pause the statute of limitations when some significant impediment beyond the plaintiff's control prevented the plaintiff from filing a timely action."    *Wershe,* 112 F.4th at 364.    Plaintiff has the burden of establishing his entitlement to equitable tolling.    *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014).    However, equitable tolling is not available here because Michigan law governs limitations periods.    *See Bozzo v. Nanasy*, 159 F.4th 1111, 1118 (6th Cir. 2025) (noting that Michigan law does not permit common law equitable tolling of express limitations periods); *Wershe*, 112 F.4th at 371 (stating that because "claims are governed by Michigan's express three-year statute of limitations for personal-injury claims, Mich. Comp. Laws § 600.5805(2), equitable tolling appears to be unavailable under Michigan law").

Here, Plaintiff did not respond to Defendants' motions.    The undersigned sees no reason to conclude that equitable or statutory tolling principles might apply.    The undersigned concludes that Herman's claim is facially untimely and no exception to Michigan's 3-year statute of limitations applies.

### V.  Recommendation

As set forth above, Plaintiff filed this action over eight months past the statute of limitations expired.    Accordingly, the undersigned respectfully recommends that

the Court **grant** Defendants' motions to dismiss, ECF Nos. 28, 31, and dismiss the case.

Dated:     April 22, 2026                                   /s/ *Maarten Vermaat*
                                                            MAARTEN VERMAAT
                                                            U.S. MAGISTRATE JUDGE


**<u>NOTICE TO PARTIES</u>**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).   All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to file timely objections may constitute a waiver of any further right of appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).